IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY L. RICHARDS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. CIV-22-880-R |
| | ) |
| RICK WHITTEN, | ) |
| | ) |
| Respondent. | ) |

# ORDER

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Amanda Maxfield Green [Doc. No. 20] where she recommends the denial of Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Doc. Nos, 1, 7]. Petitioner filed a timely objection [Doc. No. 27] and the Court must therefore make a *de novo* determination of the portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, a state prisoner appearing pro se,[1] challenges his conviction for Murder in the Second Degree – Felony Murder in the District Court of Lincoln County, Oklahoma. The Oklahoma Court of Criminal Appeals denied Petitioner's direct appeal in an unpublished opinion, *see Richards v. Oklahoma*, F-2019-963 (Okla. Crim. App. Aug. 5, 2021) [Doc. No. 16-1], and dismissed his application for post-conviction relief for lack of

---

[1] Because Petitioner is proceeding pro se, the Court affords his materials a liberal construction but does not act as his advocate. *Merryfield v. Jordan,* 584 F.3d 923, 924 n.1 (10th Cir. 2009).

jurisdiction because it was untimely. *See Richards v. Oklahoma*, PC-2022-488 (Okla. Crim. App. Sept. 21, 2022) [Doc. No. 16-8]. This action followed.

The Petition asserts four grounds for habeas relief: 1) Petitioner was denied a fair trial because the prosecutor made improper comments and asked leading questions, 2) the trial court erred by admitting hearsay evidence, 3) Petitioner received ineffective assistance of counsel because his trial attorney failed to object to the prosecutor's improper comments or the hearsay evidence, and 4) the accumulation of errors deprived Petitioner of a fair trial. The Petition also includes a number of attachments, including a newspaper article, legal research documents, the direct appeal brief, and the state post-conviction brief. Apart from the direct appeal brief, which the Petition specifically incorporates into the statement of supporting facts, the Petition does not explain how these attached documents support or apply to the asserted grounds for relief.

Judge Green separately analyzed each claim in her Report and determined that habeas relief should be denied. Liberally construed, Petitioner's Objection raises a number of challenges to the Report, but none of them persuade the Court that it should reject Judge Green's recommendations.

First, Petitioner devotes a significant portion of his Objection to setting out his version of the underlying facts and re-urging his theory of self-defense/defense of others. To the extent Petitioner intends to challenge the Report's factual summary, the Court has reviewed the state court record and finds that the Report accurately summarizes the evidence presented at trial. Further, to the extent Petitioner intends to assert a freestanding claim of "actual innocence" or a "miscarriage of justice," it is meritless. "[F]ederal habeas

2

courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also Hill v. Long*, No. 22-1207, 2023 WL 5695666, at *2 (10th Cir. Sept. 5, 2023) (explaining that a "convincing showing of actual innocence provides a gateway to allowing consideration of otherwise untimely claims of constitutional error").

Second, much of Petitioner's Objection is dedicated to presenting new information and identifying alleged errors by trial counsel or the prosecutor that were not specifically asserted in the Petition. Because these new arguments were not raised in the Petition, they are deemed waived. *See Parker v. Scott*, 394 F.3d 1302, 1327 (10th Cir. 2005) ("[Petitioner] raises several other alleged failures of counsel to object at trial, all of which he has waived by failing to assert them in his district court habeas petition."); *McMullin v. Bravo*, 530 F. App'x 693, 696 (10th Cir. 2013) ("However, none of these errors were raised in his original habeas petition. All of these claims are therefore waived."); *Pipkin v. Martinez*, No. CV 20-848 RB/SCY, 2021 WL 3772272, at *1 (D.N.M. Aug. 25, 2021) ("To the extent [the petitioner] wishes to present new information and arguments in his objections that he previously did not present in his habeas petition, any such issues are deemed waived.").

Last, Petitioner's Objection generally reasserts the claims and arguments made in the Petition. These claims were considered and rejected by the Oklahoma Court of Criminal Appeals in its opinion addressing the direct appeal. As explained in the Report, this Court may grant habeas relief only if the state court's merits adjudication of a claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Underwood v. Royal*, 894 F.3d 1154, 1162 (10th Cir. 2018).[2] Consistent with this standard, Judge Green examined the state court's determination of each claim in light of the governing Supreme Court precedent and determined that the state court's adjudication of the claim was not contrary to, or an unreasonable application of, clearly established federal law. With respect to ground two (the admission of hearsay evidence), Judge Green also concluded that the Petition did not allege a cognizable habeas claim because the error was based solely on state law. The Court cannot add significantly to Judge Green's analysis of the issues presented in the Petition and, upon de novo review, concurs with her conclusion that each of Petitioner's asserted claims should be denied.

Accordingly, having conducted a de novo review, the Court ADOPTS the Report and Recommendation [Doc. No. 20] in full. The Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is DENIED [Doc. No. 7]. The Court also denies Petitioner's belated request for an evidentiary hearing [Doc. No. 24] as he has failed to meet the requirements set out in 28 U.S.C. § 2254(e)(2).[3]

---

[2] The state court's decision is entitled to deference even where it is presented in a summary opinion. *Paine v. Massie*, 339 F.3d 1194, 1198 (10th Cir.2003).

[3] Judge Green previously denied Petitioner's Motion for the Appointment of Counsel [Doc. Nos. 11, 15]. To the extent Plaintiff re-urges this request, the Court finds that the appointment of counsel is not warranted based on the lack of merit in Petitioner's claims, the nature and complexity of the issues raised, and Petitioner's ability to present his claims. *See Snyder v. Whetsel*, 152 F. App'x 730, 732 (10th Cir. 2005).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant for habeas relief. A certificate of appealability may issue only if the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds this standard is not met in this case and a COA is therefore denied.

IT IS SO ORDERED this 13th day of September, 2023.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE